UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALEJANDRO AMOR,

    Petitioner,

v.                                    Case No. 3:20-cv-5438-MCR/MJF

M. V. JOSEPH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Because Petitioner Alejandro Amor ("Amor") has failed to prosecute this action and has failed to comply with court orders, the undersigned recommends that the District Court dismiss without prejudice Amor's petition under 28 U.S.C. § 2241.[1]

### I. BACKGROUND

On May 1, 2020, Amor, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. At that time, Amor was a prisoner at Federal Prison Camp Pensacola ("FPC Pensacola"). *Id.* at 1. As relief, Amor requested that the Federal Bureau of Prisons reinstate thirty days of good-time credit and review

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Amor's eligibility for home confinement under the CARES Act. *Id.* at 7. The government filed a response in opposition, and Amor filed a reply. Docs. 8, 10.

On November 9, 2021, Amor was released from FPC Pensacola. Doc. 12. On November 16, 2021, the undersigned ordered Amor to file a stipulation of dismissal signed by all parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), or show cause and explain why his section 2241 petition should not be dismissed for mootness in light of his release from confinement. Doc. 11. The undersigned imposed a deadline of December 16, 2021 to comply. *Id.* at 2. Amor did not comply with the order.

On January 3, 2022, the undersigned ordered Amor to explain and show cause why he failed to comply with the undersigned's order of November 16, 2021, and why his section 2241 petition was not moot in light of his release from confinement. Doc. 13. The undersigned imposed a deadline of February 2, 2022 to comply. The undersigned warned Amor that his failure to comply with the order likely would result in dismissal this action for failure to comply with a court order and failure to prosecute. *Id.* at 2.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see, e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim

when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

November 16, 2021, the undersigned ordered Amor to file a stipulation of dismissal signed by all parties who have appeared or explain and show cause why this action should not be dismissed for mootness. Doc. 11. Despite having over a month and a half to comply with the undersigned's order, Amor has not prosecuted this action in any respect. He also has not complied with the undersigned's order to

show cause. For these reasons, the undersigned recommends that this action be dismissed without prejudice.

### III. Conclusion

Because Amor has failed to prosecute this action and has failed to comply with court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **DISMISS** Amor's section 2241 petition, Doc. 1, without prejudice.

2.  Order the clerk of the court to close this case.

At Pensacola, Florida, this 14th day of February, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**